**Nos. 22-1742 and 22-1743**

In the United States Court of Appeals
for the Sixth Circuit

———————

# William T. Phillips,

Petitioner-Appellant,

v.

# United States of America,

Respondent-Appellee.

———————

On Appeal from the United States District Court
for the Eastern District of Michigan
Case Nos. 17-cr-20632 and 18-cr-20128

———————

## Brief for the United States

———————

Dawn N. Ison
United States Attorney

Jessica Currie
Assistant United States Attorney
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9531
Jessica.Currie@usdoj.gov

# Table of Contents

Table of Authorities.................................................................... iii

Oral Argument Is Unnecessary ...............................................vi

Issue Presented ...........................................................................1

Statement of the Case ................................................................2

A.    Phillips waives any right to appeal his below-guideline
      sentences. .......................................................................2

B.    Phillips moves to vacate his sentences under 28 U.S.C.
      § 2255.............................................................................4

C.    The district court deems Phillips's § 2255 motions
      withdrawn. ....................................................................6

D.    This Court remands the case for further proceedings....................8

E.    The district court concludes that an evidentiary hearing is
      not necessary to decide Phillips's § 2255 motions. .........................9

Summary of the Argument ....................................................12

Argument...................................................................................14

      The district court did not abuse its discretion in denying
      Phillips's § 2255 motions without an evidentiary hearing............14

      A.    Phillips's unsworn allegations did not create a factual
            dispute. ..................................................................14

      B.    Phillips's allegations were also contradicted by the
            record....................................................................19

C.    The district court did not violate the mandate rule or party-presentation rule........................................................22

D.    Reassignment is unwarranted............................................26

Conclusion ............................................................................................29

Certificate of Service ...........................................................................30

Relevant District Court Documents.......................................................31

# Table of Authorities

## Cases

*Arredondo v. United States*, 178 F.3d 778 (6th Cir. 1999) .............. 18, 19

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................... 16

*Briggs v. United States*, 187 F. App'x 540 (6th Cir. 2006).................... 21

*Craig v. United States*, 513 F. App'x 487 (6th Cir. 2013) ...................... 14

*Galbraith v. United States*, 313 F.3d 1001 (7th Cir. 2002) ................... 19

*Huff v. United States*, 734 F.3d 600 (6th Cir. 2013) .............................. 19

*In re Purdy*, 870 F.3d 436 (6th Cir. 2017)................................ 23

*Inglesias v. Davis*, No. 07-1166, 2009 WL 87574
    (6th Cir. Jan. 12, 2009) ................................................... 17

*Kafo v. United States*, 467 F.3d 1063 (7th Cir. 2006)........................... 17

*McQueen v. United States*, No. 97-2114, 2000 WL 145387
    (6th Cir. Feb. 2, 2000) ................................................... 18

*Patnesky v. United States*, No. 2:13-CR-212,
    2019 WL 2122896 (S.D. Ohio May 15, 2019)............................... 19

*Peguero v. United States*, 526 U.S. 23 (1999) ........................................ 15

*Pola v. United States*, 778 F.3d 525 (6th Cir. 2015) ........................ 18, 22

*Rodriquez v. United States*, 395 U.S. 327 (1969)................................... 15

*Roe v. Flores-Ortega*, 528 U.S. 470 (2000) ................................. 14, 15, 16

*Rorrer v. City of Stow*, 743 F.3d 1025 (6th Cir. 2014) ...................... 26, 27

*Ross v. United States*, 339 F.3d 483 (6th Cir. 2003)............................... 19

## Cases

*Sarlog v. United States*, 422 F. App'x 399 (6th Cir. 2011) .....................18

*Schriro v. Landrigan*, 550 U.S. 465 (2007)..............................................25

*Smith v. United States*, 348 F.3d 545 (6th Cir. 2003) ............................29

*Strickland v. Washington*, 466 U.S. 668 (1984)......................................14

*Turner v. United States*, 183 F.3d 474 (6th Cir. 1999) ...........................18

*Ugochukwu v. United States*, No. 17-3073,
    2018 WL 3602183 (6th Cir. Apr. 26, 2018) ...................................18

*United States ex rel. SNAPP, Inc. v. Ford Motor Co.*,
    618 F.3d 505 (6th Cir. 2010) ..........................................................26

*United States ex rel. Williams v.*
    *Renal Care Grp., Inc.*, 696 F.3d 518 (6th Cir. 2012).....................28

*United States v. Campbell*, 168 F.3d 263 (6th Cir. 1999)......................23

*United States v. Daniels*, 705 F. App'x 456 (6th Cir. 2017)...................27

*United States v. Lopez*, 453 F. App'x 602 (6th Cir. 2011)......................23

*United States v. McFalls*, 675 F.3d 599 (6th Cir. 2012) .........................23

*United States v. Mendez*, 498 F.3d 423 (6th Cir. 2007) .........................23

*United States v. Sineneng-Smith*, 140 S. Ct. 1575 (2020) .....................25

*Valentine v. United States*, 488 F.3d 325 (6th Cir. 2007)......................18

*Valenzuela v. United States*, 217 F. App'x 486
    (6th Cir. 2007) ................................................................................19

*Wallace v. United States*, 43 F.4th 595 (6th Cir. 2022) ...................16, 18

**Statutes**

18 U.S.C. § 2255A(g) ................................................................. 2

28 U.S.C. § 2255 ............................................................... passim

**Other Authorities**

Rules Governing Section 2255 Motions, Rule 2(b)(5) ............................ 17

Rules Governing Section 2255 Motions, Rule 8(a) ................................ 25

# Oral Argument Is Unnecessary

This single-issue appeal involves a limited record, and review is for abuse of discretion. The government agrees with appellant William Phillips that "the decisional process would not be significantly aided by oral argument." (Appellant Br. at 1).

# Issue Presented

Phillips moved to vacate under 28 U.S.C. § 2255, based on unsworn allegations that his counsel disregarded instructions to appeal. His counsel, in a sworn declaration, stated that neither Phillips nor anyone acting on his behalf ever asked her to file notices of appeal. Because Phillips's unsworn allegations did not create a factual dispute and were contradicted by the record, the district court denied relief without an evidentiary hearing. Was that an abuse of discretion?

# Statement of the Case

**A.    Phillips waives any right to appeal his below-guideline sentences.**

Phillips pleaded guilty, in two cases, to participating in a child exploitation enterprise under 18 U.S.C. § 2255A(g) for his role in two online groups that coerced young girls to produce child pornography. (Case No. 17-20632, R.14: Indictment, 213–19; R.64: Plea Agreement, 423–31; Case No. 18-20128, R.15: Indictment, 311–14; R.61: Plea Agreement, 501–510). The horrific nature of Phillips's conduct is detailed in sealed filings. (*See, e.g.*, Case No. 18-20128, R.190 (sealed): Opposition to Motion to Vacate, 3437–40).

The goal of these online groups was to "hunt" minor females, entice them to engage in sexual activity on web camera, and then record and share this content. (Case No. 18-20128, R.190 (sealed): Opposition to Motion to Vacate, 3437). While pretending to be teenage boys, Phillips and other group members successfully enticed hundreds of girls. (R.190 (sealed): Opposition to Motion to Vacate, 3438).

When federal agents searched his home in 2017, Phillips was logged into four different Chateen.com rooms and was actively recording child pornography. (R.190 (sealed): Opposition to Motion to

Vacate, 3440). Agents recovered an astounding amount of elicit material from Phillips's electronic devices, including 1,500 videos that totaled more than 246 hours of recorded child pornography. (R.190 (sealed): Opposition to Motion to Vacate, 3440). Of all the defendants, Phillips was one of the worst offenders. (R.190 (sealed): Opposition to Motion to Vacate, 3440).

In each case, the plea agreement required the government to dismiss all other charges, and Phillips waived the right to appeal his sentence, so long as it did not exceed the guideline range of life imprisonment. (Case No. 17-20632, R.64: Plea Agreement, 439; Case No. 18-20128, R.61: Plea Agreement, 517). The material provisions of the plea agreement, including the appeal waiver, were discussed with Phillips in open court, and he agreed to those terms. (Case No. 17-20632, R.194: Plea Hearing, 2898–2901; Case No. 18-20128, R.180: Plea Hearing, 3335–38).

Phillips received the benefit of the bargain when the district court sentenced him to concurrent terms of 396 months in prison. (Case No. 17-20632, R.153: Judgment, 2304; Case No. 18-20128, R.79: Judgment, 1004). Phillips did not appeal.

3

**B.      Phillips moves to vacate his sentences under 28 U.S.C. § 2255.**

Phillips timely moved for relief under 28 U.S.C. § 2255. (Case No. 17-20632, R.174: Motion to Vacate, 2742–53; Case No. 18-20128, R.173: Motion to Vacate, 3281–92). Phillips claimed that his prior counsel, Lisa Dwyer, provided ineffective assistance of counsel by disregarding his instructions to file notices of appeal on his behalf. (Case No. 17-20632, R.174: Motion to Vacate, 2745–46). In addition, Phillips claimed that his substantial assistance warranted an even lighter sentence than he received, and he blamed Dwyer for not informing the district court of the full scope of his assistance. (R.174: Motion to Vacate, 2749).

But his motions, prepared by newly retained counsel, were not submitted under penalty of perjury or backed by any affidavit or declaration. (Case No. 17-20632, R.288: Omnibus Order, 3719). As the government explained in response, the claim that Phillips had instructed Dwyer to file notices of appeal was based "only on unsworn and conclusory statements." (Case No. 18-20128, R.190 (sealed): Opposition to Motion to Vacate, 3452).

By contrast, as part of its response, the government provided Dwyer's sworn declaration. (Case No. 18-20128, R.190-2 (sealed): Dwyer

Declaration, 3462–67). Under penalty of perjury, Dwyer stated that
neither Phillips nor anyone acting on his behalf ever asked her to file
notices of appeal. (R.190-2 (sealed): Dwyer Declaration, 3463, 3466,
¶¶ 3, 10). And if anyone had told her that Phillips wanted her to file
notices of appeal, she would have. (R.190-2 (sealed): Dwyer Declaration,
3463, ¶ 4). Dwyer also stated that Phillips knew that a below-guideline
sentence could not be appealed given the plea agreements, and she
discussed the case with him on at least 13 occasions. (R.190-2 (sealed):
Dwyer Declaration, 3463–64, ¶ 5). Indeed, Dwyer and Phillips agreed in
advance that if his only concern after sentencing was the length of a
below-guideline sentence (which he had waived the right to appeal),
then she "would not meet with him again and a notice of appeal would
not be filed." (R.190-2 (sealed): Dwyer Declaration, 3465, ¶ 8).

Although the government requested an evidentiary hearing on
Phillips's claim that Dwyer disregarded his instructions to appeal, it
pointed to authority that, under the circumstances, the district court
was not *required* to hold an evidentiary hearing. (R.190 (sealed):
Opposition to Motion to Vacate, 3456–57). Indeed, Phillips's unsworn
allegations were contradicted by both Dwyer's declaration and Phillips's

own pro se filing (later stricken), in which he said that the first time he

spoke to Dwyer after sentencing was on August 15, 2018, nearly a

month after judgment and outside the window to appeal. (R.190

(sealed): Opposition to Motion to Vacate, 3456–57).

Phillips later moved to amend his § 2255 motions to add a

different claim, alleging that Dwyer was ineffective because she did not

object to the district court receiving an in camera victim impact

statement at sentencing, which he claimed also violated his right to due

process. (Case No. 18-20128, R.205: Motion to Amend, 3583–85;

R.205-1: Amended Motion, 3588, 3601–3602). The district court then

scheduled an evidentiary hearing. (Case No. 17-20632, R.244: Notice to

Appear, 3486).

## C.    The district court deems Phillips's § 2255 motions withdrawn.

Before the scheduled hearing could take place, the district court

allowed Phillips's counsel to withdraw for medical reasons, and it

adjourned the hearing by two months for Phillips to retain new counsel.

(Case No. 17-20632, R.250: Order Terminating Counsel, 3521–22).

Meanwhile, acting pro so, Phillips sent a letter to the district court,

seeking clarification about the upcoming hearing and stating that the

pending § 2255 motions had been filed without his knowledge. (Case No. 18-20128, R.218: Request for Clarification, 3649–56). Upon learning that the § 2255 motions were apparently unauthorized, the district court deemed them withdrawn and canceled the evidentiary hearing. (Case No. 18-20128, R.221: Order Deeming § 2255 Motions Withdrawn, 3664–65).

Several weeks later, with the benefit of new counsel, Phillips moved the district court to reconsider its order deeming his § 2255 motions withdrawn. (Case No. 18-20128, R.223: Motion to Reconsider, 3667–74). The district court denied those motions as untimely because they were filed outside the window to seek reconsideration. (Case No. 17-20632, R.267: Order Denying Motions to Reconsider, 3649–50).

Phillips sought to appeal both the denials of reconsideration and the orders deeming his § 2255 motions withdrawn. (Case No. 17-20632, R.268: Notice of Appeal, 3651; Case No. 18-20128, R.229: Notice of Appeal, 3689). The district court denied a certificate of appealability, concluding that the notices of appeal were untimely because the motions to reconsider were themselves untimely and did not toll the

deadline to appeal the orders deeming his § 2255 motions withdrawn. (Case No. 18-20128, R.231: Order Denying COA, 3692–95).

**D.    This Court remands the case for further proceedings.**

This Court granted a certificate of appealability on whether the motions to reconsider were untimely or tolled the deadline to appeal, whether the § 2255 motions were correctly withdrawn, and whether Phillips stated a valid claim of ineffective assistance. (Order, Nos. 21-1374 & 21-1375 (January 6, 2022)). Thereafter, the parties jointly moved to remand the case, reinstate Phillips's § 2255 motions, and permit the originally scheduled evidentiary hearing to go forward. (Motion, Nos. 21-1374 & 21-1375 (March 18, 2022)). The parties agreed that Phillips's pro se letter requesting clarification should not have been construed as withdrawing his § 2255 motions and that his motions to reconsider should have been treated as timely requests to alter or amend his judgments under Rule 59(e). (Motion, Nos. 21-1374 & 21-1375 (March 18, 2022)).

This Court granted the parties' joint motion. (Order, Nos. 21-1374 & 21-1375 (May 20, 2022)). In doing so, it vacated the orders deeming Phillips's § 2255 motions withdrawn, vacated the orders denying

8

reconsideration, and remanded the case "for further proceedings." (Order, Nos. 21-1374 & 21-1375 (May 20, 2022)). This Court did not direct the district court to hold an evidentiary hearing or express any views on whether an evidentiary hearing was required. (Order, Nos. 21-1374 & 21-1375 (May 20, 2022)).

### E.    The district court concludes that an evidentiary hearing is not necessary to decide Phillips's § 2255 motions.

On remand, the district court concluded that an evidentiary hearing was not required and denied relief on the merits. (Case No. 17-20632, R. 288: Omnibus Order, 3714). It first denied Phillips's motions to amend his § 2255 motions as futile because the in camera victim impact statement had not factored into its sentencing decision. (R.288: Omnibus Order, 3721–25). The district court also noted that it had read or heard dozens of victim impact statements, and any influence from the single in camera statement was scant compared to the total influence of all other statements. (R.288: Omnibus Order, 3723).

It also found that Dwyer had effectively advocated for Phillips to receive substantial-assistance credit, so her performance was not deficient in that regard. (R.288: Omnibus Order, 3727–28). Indeed, Phillips received more credit than any similarly-situated codefendant.

9

(R.288: Omnibus Order, 3727–28). The district court also found prejudice lacking because, even if Dwyer had provided more detail about Phillips's cooperation, he would not have received a lower sentence. (R.288: Omnibus Order, 3728–29).

Finally, the district court rejected Phillips's claim that Dwyer disregarded instructions to file notices of appeal. (R.288: Omnibus Order, 3725). It dispensed with an evidentiary hearing because Phillips failed to support his unsworn allegations with anything that would support his claim and create a factual dispute. (R.288: Omnibus Order, 3725). Dwyer submitted a sworn declaration that directly contradicted his claim, whereas Phillips did not file his motions under penalty of perjury or submit any sworn statement of his own. (R.288: Omnibus Order, 3725). According to Dwyer's unrebutted account of what happened, neither Phillips nor anyone acting on his behalf asked her to file notices of appeal. (R.288: Omnibus Order, 3720). And she consistently advised Phillips that, under the plea agreements, his below-guideline sentences could not be appealed. (R.288: Omnibus Order, 3720). She even listed 13 days on which she met with Phillips to discuss the appeal waivers. (R.288: Omnibus Order, 3720).

10

As the district court reasoned, there was no reason to doubt Dwyer's unrebutted account, and the record showed that Phillips knowingly and voluntarily waived his right to appeal. (R.288: Omnibus Order, 3729–31). Accordingly, the district court found that Dwyer had not acted deficiently, and it denied Phillips's final claim of ineffective assistance on that basis. (R.288: Omnibus Order, 3729–31).

Phillips filed timely notices of appeal. (Case No. 17-20632, R.290: Notice of Appeal, 3735; Case No. 18-20128, R.236: Notice of Appeal, 3810). This Court later issued a certificate of appealability, limited to "whether the factual allegations in Phillips's § 2255 motions about instructing his trial counsel to file a notice of appeal were sufficient to warrant an evidentiary hearing and [whether] the district court erred in denying his ineffective-assistance claim without one." (Order Granting COA, Nos. 22-1742 & 22-1743 (December 20, 2022)).

## Summary of the Argument

A petitioner seeking relief under 28 U.S.C. § 2255 is not entitled to an evidentiary hearing unless he first presents a factual dispute to support his claim. Although his burden is relatively light, allegations that are conclusory or unverified do not satisfy this threshold showing. An evidentiary hearing is also not required if the record conclusively shows that the petitioner is entitled to no relief.

Here, Phillips's ineffective-assistance claim was supported by nothing more than conclusory allegations, prepared by his lawyer, that simply mirror the deficiency standard for his claim. The allegations were also not submitted under penalty of perjury or otherwise verified, so they were not evidence at all. The only sworn statement in the record was prepared by his prior counsel, Lisa Dwyer, and her unrebutted account directly contradicted Phillips's unsworn allegations. The record also showed that Phillips consistently waived his right to appeal his below-guideline sentences. In these circumstances, the district court did not abuse its discretion in concluding that an evidentiary hearing was not needed to deny relief.

12

Phillips's other arguments are misplaced. The district court's decision did not violate the mandate rule because this Court's remand order "for further proceedings" neither expressly nor impliedly decided that an evidentiary hearing was required to resolve his § 2255 motions on remand. The party-presentation rule likewise did not prevent the district court from deciding whether to hold an evidentiary hearing, a matter of judicial discretion. Although the parties, in their joint motion to remand, agreed that the originally scheduled evidentiary hearing should go forward, they never analyzed whether one was *required*, and Phillips points to no authority under which a district court's discretion can be removed by joint motion.

Accordingly, this Court should affirm. If, however, the case is remanded for an evidentiary hearing, reassignment to another judge on remand is unwarranted.

# Argument

## The district court did not abuse its discretion in denying Phillips's § 2255 motions without an evidentiary hearing.

Phillips does not argue that the record, as it stands, entitles him to relief under § 2255. Instead, he argues only that the district court was required to hold an evidentiary hearing on his ineffective-assistance claim. A district court's refusal to hold an evidentiary hearing is reviewed for abuse of discretion. *Craig v. United States*, 513 F. App'x 487, 489 (6th Cir. 2013).

### A.    Phillips's unsworn allegations did not create a factual dispute.

Phillips sought § 2255 relief on a variety of theories, but only one claim is at issue in this appeal: whether his counsel's failure to file notices of appeal on his behalf denied him the effective assistance of counsel under the Sixth Amendment. That claim is governed by *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a showing of deficient performance and resulting prejudice. *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000). That burden is met if the petitioner shows that his counsel's deficient performance deprived him of an appeal that he otherwise would have taken. *Id.* at 484.

14

The failure to perfect an appeal can be deficient in two scenarios. The first is when counsel fails to fulfill express instructions to appeal. *Id.* at 477. In that circumstance, a petitioner is entitled to a delayed appeal without specifying the issues he would raise on appeal and without regard to their merit. *Rodriquez v. United States*, 395 U.S. 327, 329–30 (1969); *see also Peguero v. United States*, 526 U.S. 23, 28 (1999). The second scenario is when counsel fails to consult about an appeal but is obligated to, either because a rational defendant would want to appeal or because this particular defendant reasonably demonstrated an interest in appealing. *Flores-Ortega*, 528 U.S. at 480. That circumstance also entitles a petitioner to a delayed appeal. *Id.*

Below, Phillips alleged both scenarios in the alternative. (Case No. 18-20128, R.173: Motion to Vacate, 3291). But now, he maintains only the theory that counsel disregarded his instructions to file notices of appeal, and he argues that the district court abused its discretion in denying relief on that claim without an evidentiary hearing. (Appellant Br. at 14–15; *see also* Order Granting COA, Nos. 22-1742 & 22-1743 (December 20, 2022) (authorizing an appeal limited to that issue)). Because Phillips's allegations on that theory were conclusory and not

15

supported by any sworn statement, he cannot show an abuse of discretion on that basis.

In filings prepared by his lawyer, Phillips alleged in various ways that he instructed Dwyer to file notices of appeal, but he provided no detail about the timing or specifics of those communications. (Case No. 18-20128, R.173: Motion to Vacate, 3287 ("Dwyer was instructed to file a notice of appeal"), 3289 (he "requested that [she] file a notice of appeal"), 3290 (he "communicated his desire [to appeal] to [Dwyer]"), 3291 (he "expected and instructed" her to appeal)). Those conclusory allegations simply mirror the standard for deficiency—that counsel "disregard[ed] [his] specific instructions to file a notice of appeal." *Flores-Ortega*, 528 U.S. at 470. More is needed to warrant an evidentiary hearing. *See Wallace v. United States*, 43 F.4th 595, 607 (6th Cir. 2022); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (allegations that amount to no more than formulaic recitations of legal elements are conclusory).

And although Phillips claimed to be willing "to testify" (Case No. 18-20128, R.173: Motion to Vacate, 3285), he did not submit his motions under penalty of perjury or otherwise verify his allegations. *See* Rules

16

Governing Section 2255 Motions, Rule 2(b)(5) (requiring that such motions "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant"); *see also* [EDMI Pro Se Form Motion](#) (requiring certification under penalty of perjury). The verification requirement ensures that there is at least *some* evidence to support a claim before devoting judicial resources to determine whether a prisoner who has already had an opportunity for full process should be granted such an extraordinary remedy. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006); *see also Inglesias v. Davis*, No. 07-1166, 2009 WL 87574, at *3 (6th Cir. Jan. 12, 2009) (only sworn or verified allegations constitute evidence). The requirement is especially important where, as here, the movant alleges "a per se constitutional violation" that "could seriously damage the professional reputation of counsel." *Kafo*, 467 F.3d at 1069.

By statute, a hearing shall be granted "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Along with other circuits, this Court has "interpreted this statutory language (and the accompanying procedural rules) to require a hearing only if a prisoner meets a

standard analogous to the summary-judgment test by creating a legitimate dispute over a legally important fact." *Wallace*, 43 F.4th at 607 (collecting cases). Although that burden is "relatively light," *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999), a hearing is not required unless the movant first "presents a factual dispute," *Pola v. United States*, 778 F.3d 525, 532 (6th Cir. 2015).

With nothing more than unsworn and unverified allegations, Phillips did not make the type of threshold showing that this Court has found necessary to warrant a hearing. *See, e.g.*, *Sarlog v. United States*, 422 F. App'x 399, 403–404 (6th Cir. 2011) (sworn affidavit); *Valentine v. United States*, 488 F.3d 325, 333–34 (6th Cir. 2007) (uncontradicted affidavit that was not inherently incredible); *Arredondo v. United States*, 178 F.3d 778, 789 (6th Cir. 1999) (materially inconsistent affidavits); *Ugochukwu v. United States*, No. 17-3073, 2018 WL 3602183, at *2 (6th Cir. Apr. 26, 2018) (conflicting affidavits); *McQueen v. United States*, No. 97-2114, 2000 WL 145387, at *1 (6th Cir. Feb. 2, 2000) (competing declarations).

Given that Phillips did not present a factual dispute to support his claim, the district court did not abuse its discretion in denying relief

without an evidentiary hearing. *See*, *e.g.*, *Valenzuela v. United States*, 217 F. App'x 486, 490–91 (6th Cir. 2007) (no abuse of discretion where "Valenzuela did not submit an affidavit or any other evidence" to support his claim); *Ross v. United States*, 339 F.3d 483, 491 (6th Cir. 2003) (no abuse of discretion where the submitted affidavits did not create a factual dispute to warrant a hearing); *Galbraith v. United States*, 313 F.3d 1001, 1008 (7th Cir. 2002) (no abuse of discretion where petitioner offered "no evidence whatsoever . . . , save his naked assertions"); *Patnesky v. United States*, No. 2:13-CR-212, 2019 WL 2122896, at *3 (S.D. Ohio May 15, 2019) (denying hearing on claim backed only by "unverified allegations"). This Court can affirm on this basis alone.

## B.    Phillips's allegations were also contradicted by the record.

An evidentiary hearing is also not required if "the record conclusively shows that the petitioner is entitled to no relief." *Arredondo*, 178 F.3d at 782. That may be so where the petitioner's allegations "are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (internal quotation marks omitted).

19

Here, the only sworn allegations in the record were from Dwyer, whose account directly contradicted the unsworn and conclusory allegations crafted by Phillips's lawyer. Dwyer's declaration detailed her interactions with Phillips and his mother, specifying meeting dates and providing the substance of their communications. In particular, Dwyer and Phillips "agreed" in advance "that if the sentence term was the only concern after sentencing," then she "would not meet with him again and a notice of appeal would not be filed." (R.190-2 (sealed): Dwyer Declaration, 3465, ¶ 8). Later, Dwyer provided Phillips's family with the opinion of an appellate attorney that Phillips did not have any appealable issues, which was consistent with what she had said all along. (R.190-2 (sealed): Dwyer Declaration, 3465–66, ¶ 9). And when Phillips inquired about bringing a collateral attack (not an appeal), she told his mother that he should seek court-appointed counsel to pursue relief under § 2255. (R.190-2 (sealed): Dwyer Declaration, 3466, ¶ 10). But there was never any request to file notices of appeal, and she repeatedly advised that Phillips had waived the right to appeal his

below-guideline sentences. (R.190-2 (sealed): Dwyer Declaration, 3463, 3465–66, ¶¶ 3, 6, 8, 10). Phillips offered nothing to counter Dwyer's sworn testimony.

Not only were Dwyer's allegations left uncontradicted, but also "the record consistently showed that [Phillips] knowingly and voluntarily waived his right to appeal." (Case No. 18-20128, R.234: Omnibus Order, 3801). This, combined with the district court's own recollection and experience, gave it no reason to question Dwyer's unrebutted account "as accurate and truthful." (R.234: Omnibus Order, 3801–3802); *see Briggs v. United States*, 187 F. App'x 540, 546 (6th Cir. 2006) ("The district judge's refusal to believe Briggs's current contentions as to his plea proclivities, in the face of Attorney Frederick's averments to the contrary, is further bolstered by that judge's already extensive familiarity with Briggs and the proceedings at issue, and the strong impression he formed of Briggs as being incredible.").

Beyond that, Phillips's unverified allegations were inherently incredible on this record. As Phillips explained in his pro se letter asking for clarification, he did not even know that the § 2255 motions containing those allegations had been filed. (Case No. 18-20128, R.218:

Request for Clarification, 3650). In the same pro se letter, he referred to correspondence in which he told counsel that "something needs to be done," which is not an express instruction to appeal. (R.218: Motion for Clarification, 3651). Phillips wrote further that "[e]ven if" the district court found that he did not "use the word appeal," he nonetheless clearly sought to meet with Dwyer after sentencing, which likewise does not support the unverified allegations in the § 2255 motions that his lawyer prepared. (R.218: Motion for Clarification, 3651).

Having engaged in "the proper inquiry," taking into account "the record and affidavits," the district court concluded that Phillips did not present a factual dispute to support his ineffective-assistance claim. *Pola*, 778 F.3d at 534. Accordingly, denying relief without an evidentiary hearing was not an abuse of discretion.

## C.  The district court did not violate the mandate rule or party-presentation rule.

Next, Phillips argues that the district court's decision not to hold a hearing violated the mandate rule and the party-presentation rule. (Appellate Br. at 15–19). Neither rule applies here.

Under the mandate rule, a district court is bound by the scope of an appellate court's remand order. *In re Purdy*, 870 F.3d 436, 442 (6th

22

Cir. 2017). "Unless otherwise specified, a remand order is presumed to be general." *United States v. McFalls*, 675 F.3d 599, 604 (6th Cir. 2012). "A limited remand must convey clearly the intent to limit the scope of the district court's review." *United States v. Campbell*, 168 F.3d 263, 267 (6th Cir. 1999); *see also United States v. Lopez*, 453 F. App'x 602, 604 (6th Cir. 2011) (mandate did not require the court to grant the motion to suppress on remand).

Here, the remand order is phrased in general terms, directing "further proceedings" on remand, without any instruction for the district court to conduct an evidentiary hearing. (Order, Nos. 21-1374 & 21-1375 (May 20, 2022)). There is also no basis to construe the remand order as "impliedly" deciding that a hearing was required. *United States v. Mendez*, 498 F.3d 423, 426 (6th Cir. 2007). Rather, this Court merely agreed with the parties that "Phillips's pro se [letter] should not have been construed as withdrawing his § 2255 motions and his motions for reconsideration should have been treated as timely motions under Federal Rule of Civil Procedure 59(e)." (Order, Nos. 21-1374 & 21-1375 (May 20, 2022)). Agreeing with the parties on those two issues did not

signal, one way or the other, whether resolving the § 2255 motions on remand would require an evidentiary hearing.

Indeed, as discussed above, there is a specific body of law governing when an evidentiary hearing is required. Although the parties asked in their joint motion for the originally scheduled evidentiary hearing to go forward after Phillips's § 2255 motions were reinstated, they did so because the evidentiary hearing had already been pending when Phillips's motions had been erroneously dismissed. They never analyzed the applicable standard to determine whether an evidentiary hearing was actually required. The remand order, likewise, offered no analysis on that issue. Indeed, it was only "after further research" on remand that the district court reviewed Phillips's claims and concluded that an evidentiary hearing was not required. (Case No. 18-20128, R.234: Omnibus Order, 3800). Because this Court neither directly nor impliedly decided that an evidentiary hearing was required to resolve Phillips's § 2255 motions, the district court did not violate the mandate rule.

Nor did the district court violate the party-presentation rule. Our legal system "rel[ies] on the parties to frame the issues for decision and

assign[s] to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (internal quotation marks omitted). The parties, with the benefit of counsel, are presumed to "know what is best for them, and [they] are responsible for advancing the facts and argument entitling them to relief." *Id.* (internal quotation marks omitted). As "essentially passive instruments," courts should "normally decide only questions presented by the parties." *Id.* (internal quotation marks omitted).

Here, the matter presented to the district court was Phillips's claim of ineffective assistance, based on allegations that counsel disregarded express instructions to file notices of appeal. Under the party-presentation rule, the district court was not permitted to address some other claim, not raised by Phillips, and grant him relief on that basis. But for the claim that Phillips *did* raise, the decision whether to hold an evidentiary hearing was always a matter of judicial discretion. *See Schriro v. Landrigan*, 550 U.S. 465, 468 (2007); *see also* Rules Governing Section 2255 Motions, Rule 8(a) (stating that "the judge must . . . determine whether an evidentiary hearing is warranted").

Moreover, the government's agreement to an evidentiary hearing in the joint motion to remand is now beside the point. The only question on appeal is whether the district court's decision to deny relief without an evidentiary hearing was an abuse of discretion. Phillips offers no authority under which the parties can remove a district court's discretion by joint motion, and that discretion was not abused here.

**D.    Reassignment is unwarranted.**

If this Court agrees with the government and affirms, then Phillips's request to have the case reassigned to a different judge on remand should be denied as moot. *See United States ex rel. SNAPP, Inc. v. Ford Motor Co.*, 618 F.3d 505, 514 (6th Cir. 2010). In any event, reassignment would not be warranted.

This Court has the authority in certain circumstances to order reassignment, but "it is an extraordinary power and should be rarely invoked." *Rorrer v. City of Stow*, 743 F.3d 1025, 1049 (6th Cir. 2014) (internal quotation marks omitted). Three factors guide this Court's inquiry: "(1) whether the original judge would reasonably be expected to have substantial difficulty in putting out of his or her mind previously expressed views or findings; (2) whether reassignment is advisable to

26

preserve the appearance of justice; and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *Id.* (internal quotation marks omitted). Those factors weigh against reassignment here.

First, the judge's view that Phillips is entitled to no relief was based only on the record before it. There is no reason to believe that he would have difficulty evaluating whether relief is warranted on an expanded record, to the extent developed at an evidentiary hearing. *United States v. Daniels*, 705 F. App'x 456, 458 (6th Cir. 2017) ("Nothing in the record suggests that the district court will have difficulty in putting aside its previously expressed views or findings in the face of additional arguments or information."). If history is any indication, the judge had no problem setting aside his previous view that Phillips's § 2255 motions should be deemed withdrawn, and it respected this Court's directive otherwise.

Nor is reassignment needed to preserve the appearance of justice. The district court's ruling, on its face, does not evidence any partiality, but instead reflects a good-faith application of the law governing when an evidentiary hearing is required. *See United States ex rel. Williams v.*

27

*Renal Care Grp., Inc.*, 696 F.3d 518, 533 (6th Cir. 2012) (mere mistakes of law do not warrant using a tool that should be invoked only reluctantly). Phillips does not point to any remarks that reflect hostility or personal bias against him that might otherwise make reassignment appropriate.

Phillips instead fixates on the 42 minutes between the mandate and the district court's decision denying relief, as if the district court reacted reflexively. But that is not the relevant timeframe. The district court's decision came 53 days after the case was remanded for further proceedings. Nothing prevented the district court from using that time to consider how to proceed once it inevitably regained jurisdiction, and it plainly did not sit idly by. It is evident from its 20-page order that the district court spent considerable time researching and carefully considering the issues before denying relief.

Finally, although this case is not particularly complex, it has a lengthy history (including two appeals), and the district court has taken the time to carefully consider the record before it. "To require a different district court judge to become familiar with the factual and procedural

28

history of this case would waste judicial resources." *Smith v. United States*, 348 F.3d 545, 554 (6th Cir. 2003).

## Conclusion

The district court's judgments should be affirmed.

Respectfully submitted,

Dawn N. Ison
United States Attorney

/s/ *Jessica Currie*
Jessica Currie
Assistant United States Attorney
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9531
Jessica.Currie@usdoj.gov

Dated: April 11, 2023

29

## Certificate of Service

I certify that on April 11, 2023, I caused this Brief for the United

States to be electronically filed with the Clerk of the United States

Court of Appeals for the Sixth Circuit using the ECF system, which will

send notification of the filing to the following attorney of record:

Zachary Lee Newland, zach@gordondefense.com

/s/ Jessica Currie
Assistant United States Attorney

30

# Relevant District Court Documents

The United States of America designates as relevant these documents in the district court's electronic record, Eastern District of Michigan Case Nos. 17-cr-20632-5 and 18-cr-20128-9:

## Case No. 17-20632

| Record No. | Document Description | Page ID Range |
|---|---|---|
| 14 | Indictment | 213–29 |
| 64 | Rule 11 Plea Agreement | 423–48 |
| 153 | Judgment | 2303–11 |
| 174 | Motion to Vacate | 2742–53 |
| 194 | Plea Hearing Tr., 12/21/2017 | 2886–910 |
| 244 | Notice to Appear | 3486 |
| 250 | Order Terminating Counsel | 3521–22 |
| 267 | Order Denying Motion to Reconsider | 3649–50 |
| 268 | Notice of Appeal | 3651–52 |
| 288 | Omnibus Opinion & Order | 3713–32 |
| 290 | Notice of Appeal | 3735–36 |

## Case No. 18-20128

| Record No. | Document Description | Page ID Range |
|---|---|---|
| 15 | Indictment | 311–31 |
| 61 | Rule 11 Plea Agreement | 501–26 |
| 79 | Judgment | 1003–10 |
| 173 | Motion to Vacate | 3281–92 |
| 180 | Plea Hearing Tr., 05/11/2018 | 3323–47 |
| 190 | Opposition to Motion to Vacate (sealed) | 3436–59 |
| 190-2 | Ex. A: Dwyer Declaration (sealed) | 3462–67 |
| 205 | Motion to Amend | 3582–86 |
| 205-1 | Amended Motion | 3587–88 |
| 218 | Request for Clarification | 3649–56 |
| 221 | Order Deeming 2255 Motions Withdrawn | 3664–65 |
| 223 | Motion to Reconsider | 3667–75 |
| 229 | Notice of Appeal | 3689–90 |
| 231 | Order Denying Certificate of Appealability | 3692–95 |
| 234 | Omnibus Opinion & Order | 3788–807 |
| 236 | Notice of Appeal | 3810–11 |